NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN BRENT MICHEL, | No. 23-35053 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-05286-TSZ |
| v. | |
| CHERI BRAZWELL; SCOTT BRAZWELL, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted October 4, 2023[**]
Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and MATSUMOTO,[***] District Judge.

Plaintiff Stephen Brent Michel appeals the district court's dismissal of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kiyo A. Matsumoto, United States District Judge for the Eastern District of New York, sitting by designation.

first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. We review such dismissals de novo. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004). Because the parties are familiar with this case's procedural history and Michel's factual allegations, we do not recount them here except as necessary to provide context.

1. The district court correctly concluded that Michel failed to state claims upon which relief may be granted for breach of express contract and for breach of implied contract because Michel failed to adequately plead independent consideration at the time the alleged agreement was reached. *See Labriola v. Pollard Grp., Inc.*, 100 P.3d 791, 792 (Wash. 2004) (observing that under Washington state law, a valid contract requires "independent consideration *at the time the agreement was reached*" (emphasis added)). As the district correctly found, "[a] contract simply did not exist as a matter of law."

2. The district court erroneously concluded that the lack of consideration necessarily warranted dismissal of Michel's claims for promissory estoppel and implied or constructive trust. The doctrines of promissory estoppel and implied or constructive trust are equitable in nature and may operate in the absence of consideration and a contract. *See Havens v. C & D Plastics, Inc.*, 876 P.2d 435, 443 (Wash. 1994) ("[P]romissory estoppel may apply in the absence of . . .

2

consideration . . . .”); *Baker v. Leonard*, 843 P.2d 1050, 1054–55 (Wash. 1993) (discussing the elements of a constructive trust under Washington state law, which do not include consideration).  On remand, the district court is instructed to address whether Michel has adequately pled claims for promissory estoppel and implied or constructive trust in light of the fact that consideration is not an element of either claim.  Each side shall bear its own costs of appeal.

**AFFIRMED in part and REVERSED in part.**